UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AUDREY L. MICKEY, | ) | CASE NO. 1:16 CV 0002 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE SPANAGAL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On January 4, 2016, Plaintiff *pro se* Audrey L. Mickey filed this action under the

Racketeer Influenced and Corrupt Organizations Act against Parma Municipal Judge Spanagal

and Cuyahoga County Judge Corrigan.  The Complaint does not contain intelligible fact

allegations, but appears to assert Defendants have engaged in conduct violating Ohio criminal

statutes.  Plaintiff seeks injunctive relief and damages.  For the reasons stated below, this action

is dismissed.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , 556 U.S.

662, 678 (2009).  The pleading standard Rule 8 announces does not require "detailed factual

allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation.  *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action will not do."  *Id.*  Nor does a complaint suffice if it tenders naked

assertion devoid of further factual enhancement.  *Id.*  It must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Id*.  A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.  *Id.*  The plausibility standard is

not akin to a "probability requirement," but it asks for more than a sheer possibility that a

defendant has acted unlawfully.  *Id.*  Where a complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of

'entitlement to relief.'"  *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits.

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  Given the most liberal

construction, the Complaint does not contain allegations remotely suggesting Plaintiff might

have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction.

This case is therefore appropriately subject to summary dismissal.  *Apple v. Glenn*, 183 F.3d 477

(6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme

Court cases for the proposition that attenuated or unsubstantial claims divest the district court of

jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that

federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

 */s/Dan Aaron Polster 1/6/16*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE